IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK05-42613 |
| | ) | |
| DEBRA E. PARDE, | ) | |
| | ) | CH. 7 |
| Debtor(s). | ) | |
| | ) | Filing No. 34, 37 |

ORDER

      Hearing was held in Lincoln, Nebraska on April 26, 2006, regarding Filing No. 34, Summary of Trustee's Final Report, Application for Final Compensation and Reimbursement of Expenses and Proposed Distribution, filed by the trustee, and Filing No. 37, Objection, filed by the debtor. David P. Kyker appeared for the debtor and Joseph H. Badami appeared as trustee.

      The debtor filed this Chapter 7 case and filed a statement of financial affairs and schedules. Neither the statement, nor the schedules listed any district court judgments. Instead, the schedules listed an ownership interest in a home subject to a mortgage. The difference between the debtor's value of the home and the mortgage shown left sufficient equity to cover a homestead exemption, the cost of sale and approximately $4,500 in equity. The trustee entered into negotiations with the debtor to sell the trustee's interest in that equity. The debtor agreed to purchase it and borrowed money from her mother to enable her to do so.

      The trustee moved for an order approving the sale of his interest and gave notice to all parties. There were no objections and the court entered an order granting the motion to sell the trustee's interest subject to liens in late September 2005. The transaction was completed.

      In February 2006, the trustee filed his report of sale and filed an application for compensation for trustee's attorney. An order was entered in early March granting the application for compensation.

      Thereafter, on March 7, 2006, the trustee filed a final report, application for final compensation and reimbursement of expenses, and proposed distribution. The distribution provided for payment of the trustee fees and a distribution to certain creditors on a pro rata basis. On March 31, 2006, the debtor filed an objection to the proposed distribution and filed an amended Schedule D. That amended schedule showed certain judgments which were liens on the real property and which covered all the "equity" that the debtor had purchased.

      The debtor wants the transaction with the trustee set aside and the money she paid to the trustee to be reimbursed to her.

      The transaction through which the debtor purchased the interest of the trustee was properly noticed and a final order was entered. That occurred six months prior to the debtor discovering that there were judgments which would impair her interest. It is unfortunate that the debtor did not have decent records concerning her financial circumstances. However, she had to know that she had been sued on more than one occasion and that judgments had been entered against her.

The request of the debtor to vacate the order authorizing the sale by the trustee and to return the monies to the debtor is denied. The trustee acted in this case based upon documents filed by the debtor which were sworn to as accurate. It is not the trustee's duty to check the accuracy of the schedules to the extent that liens may exist. He sold the property subject to liens.

The trustee's report and proposed distribution are approved.

SO ORDERED.

DATED this 26th day of April 2006.

                                  BY THE COURT:

                                  /s/ Timothy J. Mahoney
                                  Chief Judge

Notice given by the Court to:
    David P. Kyker
    *Joseph H. Badami
    U.S. Trustee

Movant(*) is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.